```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | : | |
| | : | |
| vs. | : | CRIMINAL NO.  1:CR-01-195-06 |
| | : | |
| HARVEY HOLLAND,<br>    Defendant | : | |

## O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 18, 2004, the Defendant, Harvey Holland, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. In response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he filed a motion to amend his petition on December 7, 2004. In his motion, Holland raises the following issues: (1) that counsel was ineffective for failing to conduct a pre-trial investigation; (2) that counsel was ineffective for failing to interview, investigate, and cross-examine witnesses; (3) that counsel was ineffective for failing to investigate the pre-sentence report to correct mis-statements of fact; (4) that the trial court abused its discretion at sentencing by assuming the truthfulness of statements made at sentencing and that counsel was ineffective for failing to address these inconsistencies; (5) that statements of a co-conspirator were improperly introduced under the standard set forth in *Crawford v. Washington,* 541 U.S.

36, 124 S. Ct. 1354, 158 L. Ed. 2d 177; (6) that counsel was ineffective for failure to inform the Defendant of a possible plea bargain; (7) that counsel was ineffective at trial and on appeal for failing to object to errors made by the court when charging the jury; (8) that counsel was ineffective at trial and on appeal for failing to object to the Government's use of co-conspirators' guilty pleas as substantive evidence of the Defendant's guilt; (9) that counsel was ineffective at trial and on appeal for failing to object to the court's coercion of the jury in order to reach a verdict; and (10) that the court erred at sentencing when it considered the murder of Jason Harrigan as a sentencing factor pursuant to the standard set forth in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403.

  Upon a review of the issues raised by the Defendant, we shall direct the Government to respond to all but the following issue: (9) that counsel was ineffective at trial and on appeal for failing to object the court's coercion of the jury in order to reach a verdict.  We further note that the Defendant has requested the appointment of counsel.  We shall, however, decline to rule on that motion until briefing on the 2255 motion is completed.

  AND NOW, this 22nd day of December, 2004, it is Ordered that:

  1.  Defendant's motion to amend his 2255 motion (doc. 301) is granted.

  2.  The Clerk of Court shall serve a copy of the Defendant's 2255 motion (doc. 295), motion to amend (doc. 301) and brief in

    support (doc. 296) on the United States Attorney.

    3. Within twenty days of the date of this order, the United States Attorney shall respond to the motion.

    4. Petitioner shall have ten days thereafter to file a reply brief.


                                           <u>/s/William W. Caldwell</u>
                                           William W. Caldwell
                                           United States District Judge