TAM:WAB:caz

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 1:CR-01-195-06 |
| | ) (Judge CALDWELL) |
| v. | ) (Electronically filed) |
| | ) |
| HARVEY HOLLAND | ) |

### RESPONSE OF THE UNITED STATES
### IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

**I. ISSUE**

**IS THE DEFENDANT ENTITLED TO RELIEF PURSUANT TO 28 U.S.C. § 2255 ON THE BASIS OF ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL?**

The defendant, Harvey Holland, was convicted fo June 6, 2002 of various drug trafficking offenses. He was subsequently sentenced by the court to a term of life imprisonment after the court determined that the defendant participated with Jeffrey Holland and Shawn Anderson in the drug-related murder of Jason Harrigan. On September 30, 2003, the Third Circuit Court of Appeals affirmed the defendant's conviction and sentence. See United States v. Holland, 76 Fed. Appx. 452 (3d Cir. 2003). On January 12, 2004, the United States Supreme Court denied defendant's petition for writ of certiorari  to the United States Supreme Court. Holland v. United States, 540 U.S. 1135 (2004). The defendant's motion pursuant to 28 U.S.C. § 2255, having been filed in 2004, appears to be timely filed.

In his motion filed October 18, 2004, Holland presents numerous claims of ineffective assistance of counsel that he claims were responsible for him being denied a fair trial and unjustly convicted. However, a number of these arguments cannot be addressed because they necessarily concern actions of the parties that would not be of record. For instance, the first issue raised is that counsel was ineffective for failing to conduct a pre-trial investigation. The United States has no way of responding to this absent an evidentiary hearing at which counsel can testify as to what exactly he did to prepare for trial. The next issue seems to relate to the first issue in that it is claimed that counsel was ineffective for failing to interview, investigate and cross-examine witnesses. There needs to be a hearing at which counsel can testify as to what he did and why he did or did not cross-examine certain witnesses. Another issue is that counsel was ineffective for failing to inform the defendant of a possible plea bargain. This, again, is a matter that the United States clearly cannot respond to absent a hearing at which time counsel can testify as to his discussions with his client as to possible resolutions of the case short of trial.

In short, in order to provide the court with a factual basis on which to dispose of these claims, it is respectfully requested that an evidentiary hearing be convened at which time both the petitioner and the United States could call witnesses and present whatever evidence either side feels is necessary to resolve this motion.

## II.     CONCLUSION

**WHEREFORE**, it is respectfully requested that the court convene an evidentiary hearing on the petitioner's motion pursuant to 28 U.S.C. § 2255.  The United States defers to the Court as to whether or not counsel should be appointed for the petitioner.

Respectfully submitted,

THOMAS A. MARINO
UNITED STATES ATTORNEY

/s/ WILLIAM A. BEHE

_____
WILLIAM A. BEHE
Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)
717/221-2246 (Fax)
WILLIAM.BEHE@USDOJ.GOV
Bar No. PA-32284

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.  1:CR-01-195-06 |
| ) | (Judge CALDWELL) |
| v.     ) | |
| ) | |
| **HARVEY HOLLAND**     ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 10TH day of January 2005, she served a copy of the attached

## RESPONSE OF THE UNITED STATES
## IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):
Harvey Holland
Inmate No. EP8162
1000 Follies Road
Dallas, PA 18612


/s/ CYNTHIA A. ZIMMERMAN
_____
CYNTHIA A. ZIMMERMAN
Legal Assistant