```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    :   CRIMINAL NO.  1:CR-01-195-06

                               :
HARVEY HOLLAND,
        Defendant              :
```

M E M O R A N D U M

I.   Introduction

      The Defendant, Harvey Holland, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.  The motion raises multiple claims.

II.   Background

      On June 6, 2002, following a jury trial, the Defendant was convicted of distribution and possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count II) and conspiracy to distribute and possess with the intent to distribute fifty grams of more of crack cocaine in violation of 21 U.S.C. § 846 (Count V).  The Defendant was sentenced to concurrent terms of life imprisonment on both counts[1], five

---

[1] The sentence for these counts also ran consecutive to sentences imposed in Dauphin County Court.

years supervised release on all counts, an assessment of $200, and a fine in the amount of $4000.

Holland appealed his conviction. The Defendant's appeal was denied by the Third Circuit on September 30, 2003. *United States v. Holland*, 76 Fed. Appx. 452 (3d Cir. 2003). Holland petitioned for certiorari to the United States Supreme Court and on January 12, 2004, certiorari was denied. *Holland v. United States*, 540 U.S. 1135, 124 S. Ct. 1114, 157 L. Ed. 2d 942 (2004).

On October 18, 2004, the Defendant initiated these § 2255 proceedings pro se. In response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he moved to amend his motion. We allowed him to amend. In his motion, Holland raises the following issues: (1) that counsel was ineffective for failing to conduct a pre-trial investigation; (2) that counsel was ineffective for failing to interview, investigate, and cross-examine witnesses; (3) that counsel was ineffective for failing to investigate the pre-sentence report to correct mis-statements of fact; (4) that the trial court abused its discretion at sentencing by assuming the truthfulness of statements made at sentencing and that counsel was ineffective for failing to address these inconsistencies; (5) that statements of a co-conspirator were improperly introduced under the standard set forth in *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177; (6) that counsel was

ineffective for failure to inform the Defendant of a possible plea bargain; (7) that counsel was ineffective at trial and on appeal for failing to object to errors made by the court when charging the jury, including the failure of the court to properly record sidebars; (8) that counsel was ineffective at trial and on appeal for failing to object to the Government's use of co-conspirators' guilty pleas as substantive evidence of the Defendant's guilt; (9) that counsel was ineffective at trial and on appeal for failing to object to the court's coercion of the jury in order to reach a verdict; and (10) that the court erred at sentencing when it considered the murder of Jason Harrigan as a sentencing factor pursuant to the standard set forth in *Blakely v. Washington*, ____ U.S. ____, 124 S. Ct. 2531, 159 L. Ed. 2d 403.[2]

We directed the Government to file a response to all but one of the Defendant's claims.  The Government requested a hearing in order to fully address the motion.  Having reviewed the Defendant's claims, we find that a hearing is necessary to completely address a number of the issues raised by the Defendant.  Therefore, we will have a hearing to address the following claims: (1) that counsel was ineffective for failing to conduct a pre-trial investigation; (2) that counsel was

---

[2] Since the filing of this motion, the Supreme Court has issued its opinion in *United States v. Booker*, ____ U.S. ____, 125 S. Ct. 738, 2005 WL 50108 (2005), which makes the reasoning in *Blakely* applicable to the federal sentencing guidelines.

3

ineffective for failing to interview, investigate, and cross-examine witnesses; (3) that counsel was ineffective for failing to investigate the pre-sentence report to correct mis-statements of fact; (4) that the trial court abused its discretion at sentencing by assuming the truthfulness of statements made at sentencing and that counsel was ineffective for failing to address these inconsistencies; (6) that counsel was ineffective for failure to inform the Defendant of a possible plea bargain; (7) that counsel was ineffective at trial and on appeal for failing to object to errors made by the court when charging the jury, including the failure of the court to properly record sidebars; and (8) that counsel was ineffective at trial and on appeal for failing to object to the Government's use of co-conspirators' guilty pleas as substantive evidence of the Defendant's guilt.  We shall address the remainder of the claims in this memorandum.

III.  *Crawford*

The Defendant argues that statements of a co-conspirator were improperly introduced under the standard set forth in by the Supreme Court in *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177.  Specifically, the Defendant contends that the statements of Shawn Anderson, who died prior to trial, were improperly admitted through the testimony of Shiranda Posey and Adrienne Stewart.

4

In *Crawford*, the Court held that "testimonial hearsay statements may not be introduced against a defendant unless the declarant [was] unavailable at trial and the defendant had a prior opportunity to cross-examine the declarant." *United States v. Hendricks*, ___ F.3d ___, 2005 WL 81899 at *5 (3d. Cir. 2005), *citing Crawford,* 541 U.S. at ___, 124 S. Ct. at 1374, 158 L. Ed. 2d at 203.  If a statement is not testimonial, however, *Crawford* does not apply.  *Hendricks*, ___ F.3d at ___, 2005 WL 81899 at *5.  In *Hendricks*, the Third Circuit concluded that "party admission[s] and coconspirator portions of ... disputed ... conversations are nontestimonial and thus, assuming compliance with the Federal Rules of Evidence, are admissible. *Hendricks*, ___ F.3d at ___, 2005 WL 81899 at *9; *see also Williams v. SCI-Huntingdon*, 2004 WL 2203734 at *11 n. 7 (E.D. Pa. 2004)("[I]t is clear that an out-of-court statement by a co-conspirator to a bystander is not 'testimonial.'").

The statements to which Posey and Stewart testified are not testimonial in nature.  They were testifying to the disputed statements of a co-conspirator.  The Defendant has offered no evidence to show that Shawn Anderson made his statements "thinking that they would be available for use at a later trial." *Hendricks*, ___ F.3d at ___, 2005 WL 81899 at *7 (internal citation and quotations omitted).  We further note that from an evidentiary standpoint, even if the statements were admitted in violation of the Federal Rules of Evidence, the

5

Third Circuit has found that error to be harmless. *Holland*, 76 Fed. Appx. at 456.

IV.  *Blakely*

The Defendant maintains that his sentence was unconstitutionally enhanced by the court at sentencing in violation of *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Third Circuit has held that *Apprendi v. New Jersey,* 530 U. S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) is not retroactive on collateral review. *United States v. Swinton*, 333 F.3d 481, 491 (3d Cir. 2003). We have previously determined that *Blakely*, as a result of the Third Circuit's decision in *Swinton*, does not apply on collateral review. See *United States v. Shade*, No. 1:CR-02-144-02, slip op. at 5 (M.D. Pa. Sep. 7, 2004)(Caldwell, J.); *see also United States v. Stoltz*, 325 F. Supp. 2d 982, 987 (D. Minn. 2004). In our view the Court's recent decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 2005 WL 50108 (2005), does not alter this result.

V.   Ineffective assistance of counsel

The Defendant's claim of ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* held that an ineffective assistance of

6

counsel claim requires the petitioner to show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064.  The reasonableness of counsel's conduct must be judged in light of the facts of the particular case at the time of the event.  *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. In analyzing that performance, the court must make every effort "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*

Once it is found that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

    A.  <u>Jury coercion</u>

The Defendant argues that counsel was ineffective at trial and on appeal for failing to object to the court's coercion of the jury in order to reach a verdict.  He contends that the trial court exerted undue pressure on the jury by instructing them that they must reach a verdict on the first day

7

of deliberations. To support his argument, Holland relies on two specific quotes. First, he points to the following portion of the court's charge:

> At this point, you may now retire and begin your deliberations. I believe that lunch will be served to you soon. We will be ready to receive your verdict this afternoon when you reach it. We will remain in session, please.

(Doc. 268, Trial Tr., Vol. 3, p. 553). He further relies on a quote from our supplemental jury instructions:

> Naturally, we are hopeful that a verdict can be reached in this case, but we don't want anybody to reach a verdict just for the sake of reaching a verdict. If the case is not resolved today, it will have to be tried by another jury at a later time.

(Doc. 279, Jury Ques. Tr., p. 3).

The Third Circuit, however, has already found the instructions given in this case were not coercive. *United States v. Jeffery Holland*, 75 Fed. Appx. 878, 882 (3d Cir. 2003). In doing so, the court stated:

> [i]n reaching our conclusion we recognize that the coercive capacity of the court's comment did not depend on it being correct. Yet here we cannot believe that the court coerced the jury for the jury, notwithstanding the court's comment, deadlocked on Count IV. Accordingly, even though the jury did not know that the count would be dismissed rather than being retried if it did not reach a verdict, it nevertheless was willing to compel the parties to go through another trial on that count. Therefore it was not coerced by the court's comments.

8

*Id.* Since our instructions were not coercive counsel was not ineffective for failing to object.

    We will enter an appropriate order.


                                    <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge

Date: February 18, 2005

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,          :
    Plaintiff
                                     :

    vs.                            :   CRIMINAL NO.  1:CR-01-195-06
                                     :

HARVEY HOLLAND,
    Defendant                      :

## O R D E R

AND NOW, this 18th day of February, 2005, it is Ordered that:

    1. Defendant's 2255 motion (Docs. 295 and 301) is denied with respect to claims five (5), nine (9), and ten (10).

    2. A hearing on the Defendant's remaining claims in his motion to vacate, set aside, or correct sentence (Docs. 295 and 301) will be held before the undersigned on Tuesday, May 3, 2005, at 9:30 a.m. in Court Room No. 1, ninth floor, Federal Building, 228 Walnut Street, Harrisburg, PA.

    3. The Defendant's motion for appointment of counsel (Doc. 294) is granted. Greg Abeln, Esquire, is appointed as counsel for Petitioner.

                                     /s/William W. Caldwell
                                     William W. Caldwell
                                   United States District Judge