IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case Number |
| vs. : | 1:01-CR-00195 |
| : | (Judge Caldwell) |
| HARVEY HOLLAND, : | |
| Petitioner : | |

**PETITIONER'S BRIEF IN SUPPORT**
**OF POST-CONVICTION RELIEF**

AND NOW comes the petitioner, Harvey Holland, by his attorney Gregory Barton Abeln, Esquire, and files this Brief in Support of Post-Conviction Relief under 28 U.S.C. § 2255.

**I. Procedural History**

Petitioner Harvey Holland has filed a motion for post-conviction relief under 28 U.S.C. § 2255, alleging that prior counsel rendered ineffective assistance throughout trial and sentencing. Counsel now files this brief in support of the petition for post-conviction relief.

**II. Statement of the Facts**

On June 6, 2002, following a jury trial, the Petitioner was convicted of distribution and possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 2; conspiracy to distribute and possess with the intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846; (also 18 U.S.C. § 924(j)). As a result of these convictions Defendant was sentenced to life imprisonment.

**III. Issues Presented**

    A.    WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO BRING TO THE ATTENTION OF THE PROBATION OFFICER OR THE POLYGRAPH OPERATOR THE PETITIONER'S PSYCHOLOGICAL REPORT?

    B.    WAS TRIAL COUNSEL INEFFECTIVE FOR FAILURE TO POINT OUT THE ABSENCE OF ANY PREVIOUS DRUG CHARGES AGAINST THE PETITIONER?

    C.    WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO RAISE AN ALIBI BY BRINGING TO LIGHT THE DEFENDANT'S INCARCERATION DURING THE TIME PERIOD OF THE ALLEGED CONSPIRACY?

## IV. Argument

In order to show ineffective assistance of counsel the burden is on the defendant to prove that counsel's performance fell below a reasonable standard of professional competence, and that counsel's ineffectiveness resulted in prejudice to the defense. Glover v. United States, 531 U.S. 198, 121 S.Ct. 696 (2001).

A. PRIOR COUNSEL WAS INEFFECTIVE FOR FAILING TO NOTIFY EITHER THE PROBATION OFFICER OR THE POLYGRAPH OPERATOR OF PETITIONER'S PSYCHOLOGICAL PROBLEMS.

Counsel during the presentence investigation failed to bring attention to the psychological report of the petitioner, including his IQ level, which is such that petitioner may be termed

"borderline retarded." See Petitioner's Exhibit 2[1]. In fact, during petitioner's time spent at the Elwyn Institute he underwent numerous psychological evaluations that included, among other things, evaluations of IQ. The highest full scale IQ recorded by petitioner on these tests was 72, which is considered to be within the borderline range of retardation. Because of this psychological condition it can certainly be inferred that petitioner was incapable of the mental capacity needed to be involved in a high-level drug distribution conspiracy.

During the course of the case, petitioner maintained his innocence, and when prompted by the prosecution to submit to a polygraph exam, petitioner agreed. Counsel for petitioner made no effort to make the polygraph administrator aware of petitioner's psychological report whatsoever. Instead relying on the polygraph administrator to make his own determinations concerning the psychological status of petitioner, which in turn left open the very real possibility of serious flaws in the administration of the polygraph exam and results.

If there were psychological problems sufficient enough to show "reduced mental capacity", there may have been an opportunity for trial counsel to reevaluate his case strategy and consider a plea rather than go to trial. Section 5K2.13 states that a departure may be warranted if the defendant "committed the offense while suffering from a significantly reduced mental capacity" and defines that term in an application note to mean "a significantly impaired ability (a) understand the wrongfulness of the behavior comprising the offense or to exercise the power to reason; or (b) control behavior that the defendant knows is wrongful. This definition has largely been adopted from *U.S. v. McBroom*, 124 F.3d 533, 540-51 (3d cir. 1997). Petitioner's counsel, Dennis Boyle, Esquire, indicated no mention to the polygraph operator of his mental condition, nor did he share this information with the prosecutor in attempting to reach

---

[1] All exhibits were marked and entered into evidence at the June 22, 2005 Section 2255 Hearing.

a plea agreement. Notes of Transcript, Section 2255 Hearing, June 22, 2005, N.T. 42-44. See also N.T. 13-15.

It is submitted that counsel for the defendant who is charged with a serious offense such as this should make every opportunity to explore dispositional options prior to trial.

B. TRIAL COUNSEL IS INEFFECTIVE FOR FAILURE TO BRING FORTH THE ABSENCE OF ANY PREVIOUS DRUG CHARGES.

Petitioner was also a drug addict, and not involved in the actual sale of any illegal substances. An extremely small amount of witnesses could even place petitioner near the drugs as they were being sold, and none made any statement implicating petitioner directly with the sale of drugs. Further, there was no evidence submitted by the government to suggest that petitioner was ever in the business of actually distributing drugs. Merely being the addicted brother of a drug dealer does not make one part of the distribution conspiracy, nor does it make one a dealer himself.

While petitioner does in fact have previous arrests on his criminal record, none of these prior offenses involve drugs, and more specifically petitioner has never before been arrested for distributing illegal drugs. During the course of the trial previous counsel failed to make the jury aware of these circumstances. N.T. 12-13. In so doing, counsel was unable to present the fact that petitioner was a first time offender, and should have been treated as such during sentencing. N.T. 15.

C. TRIAL COUNSEL IS INEFFECTIVE FOR FAILURE TO RAISE AN ALIBI BY BRINGING TO LIGHT THE DEFENDANT'S INCARCERATION DURING THE TIME PERIOD OF THE ALLEGED CONSPIRACY.

Petitioner was incarcerated for over half of the time period of the alleged conspiracy for unrelated charges, and therefore could not have been part of any conspiracy during that time.

The government suggests that the alleged conspiracy took place between 01/97 through 04/01. Due to the fact that petitioner was in state custody from 07/15/97 through 07/20/98 and then again from 09/12/2000 until trial, he was therefore unavailable to be a member of any conspiracy during that time. The time of petitioner's incarceration amounts to more than half of the alleged conspiracy period, making it difficult for him to be involved in a drug distribution conspiracy. N.T. 8-9, 12-13.

    It is submitted that the Petitioner had a right to ask trial counsel to utilize these incarcerations as an alibi defense and especially so because they were not drug related. Although it is unusual to bring up a client's prior record, it would demonstrate that he was not involved in the sale of drugs. Trial counsel's failure to do so constitutes ineffectiveness.

## V. **Conclusion**

WHEREFORE, Petitioner respectfully requests that this Honorable Court grant his request for post-conviction relief under 28 U.S.C. §2255, and grant him a new trial.

                              Respectfully submitted,
                              ABELN LAW OFFICES

August 23, 2005                          /s/ Gregory Barton Abeln
Date                                       Gregory Barton Abeln, Esquire
                                          Atty. ID# 35960
                                          37 E. Pomfret Street
                                          Carlisle, PA  17013
                                          717/245-2851
                                          E-Mail: abelnlaw@earthlink.net

## CERTIFICATE OF SERVICE

I, Darlene F. Mellinger, do hereby certify that on this date I served a copy of the **PETITIONER'S BRIEF IN SUPPORT OF POST-CONVICTION RELIEF**, via Electronic Case Filing, or by placing a copy in the United States mail, first class, addressed to the following:

AUSA William Behe, Esquire
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA  17108

AND

Harvey Holland
EP8162
SCI – Camp Hill
PO Box 1000
Camp Hill, PA  17111-1000

                                                    Respectfully submitted,
                                                    ABELN LAW OFFICES

August 23, 2005                                  /s/ Darlene F. Mellinger
Date                                                   Darlene F. Mellinger,
                                                      Legal Assistant
                                                      37 E. Pomfret Street
                                                      Carlisle, PA  17013
                                                      717/245-2851
                                                      E-Mail: abelnlaw@earthlink.net