TAM:WAB:caz

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 1:CR-01-195 |
| | ) (Judge Caldwell) |
| v. | ) |
| | ) |
| **HARVEY HOLLAND** | ) |

### RESPONSE OF THE UNITED STATES
### IN OPPOSITION TO PETITIONER'S REQUEST FOR
### POST-CONVICTION RELIEF

**I.    PROCEDURAL HISTORY**

On December 13, 2002, the petitioner was sentenced to concurrent terms of life imprisonment on the two counts of which he was convicted, that is, Count II, for intentionally and knowingly manufacturing, distributing and possessing with the intent to manufacture and distribute 50 grams or more of crack cocaine, and Count V, conspiracy to do the same. The jury deadlocked on Count IV which charged the plaintiff with causing the death of Jason Harrigan through the use of a firearm during and in relation to a drug trafficking crime. On September 30, 2003, the Third Circuit Court of Appeals affirmed the conviction and sentence. On January 12, 2004, the Supreme Court of the United States denied Holland's Petition for a Writ of Certiorari.

As night follows day, the affirmance of the petitioner's conviction and sentence was followed by a motion pursuant to 28 U.S.C. Section 2255 in which the petitioner recites the all too familiar refrain that he was provided with ineffective assistance of counsel. Gregory

B. Abeln, Esquire, was appointed to represent the petitioner and a hearing was held on June 22, 2005 at which time Dennis Boyle, Esquire, petitioner's trial and appeal counsel, testified, as did the petitioner. Petitioner has field a brief in support of his post-conviction request for relief and this is the response of the United States thereto.

## II.     ISSUE

**IS THE PETITIONER ENTITLED TO POST-CONVICTION RELIEF ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL?**

The first area where trial counsel's conduct is assailed concerns the plaintiff's alleged low IQ level. Petitioner argues, and it is not contested, that the prior psychological evaluations of him years ago indicated that he was "borderline retarded." See Petitioner's Exhibit 2. The petitioner takes this and claims that counsel was ineffective for not arguing this at sentencing or objecting to the pre-sentence investigation report on the theory that it could "be inferred that petitioner was incapable of the mental capacity needed to be involved in a high-level drug distribution conspiracy." (Petitioner's brief at p. 3.) Petitioner also claims counsel was ineffective for not sharing this mental health history with the polygraph examiner and that the failure to do so "left open the very real possibility of serious flaws in the administration of the polygraph examine and the results." (Petitioner's brief at p. 3). Finally, petitioner argues that trial counsel should have re-evaluated his case strategy and considered a plea rather than going to trial. Petitioner cites to U.S.S.G. Section 5K2.13, which, coincidently, deals with sentencing not trial strategy as somehow supporting the position that defense counsel perhaps didn't vigorously pursue a negotiated plea agreement.

First, counsel for United States has not come across any reported opinion that requires the United States to prove any particular level of intelligence for an individual to be a participant in a drug conspiracy. The petitioner is characterizing the conspiracy he was involved in as a sophisticated operation. It is the experience of counsel for the United States that participation in a drug conspiracy such as the one the petitioner was involved in requires very little sophistication and no elevated intelligence level. Rather, all an individual needs to know is how much to charge for a particular amount of a controlled substance and perhaps how to weigh, package and store the controlled substance. Granted, different criminal conspiracies can have varying levels of complexity. This was not one of them. Current counsel is not claiming that the petitioner was legally insane or suffering from diminished capacity. Former counsel testified at the hearing that while the petitioner may have had a low IQ, it was his opinion that the petitioner certainly functioned very well. (Notes of testimony, p. 43, lns. 14-24). Indeed, counsel testified that it was a deliberate trial strategy not to introduce any evidence concerning his previous psychological or psychiatric evaluations because he did not think it would have any bearing on the trail or sentencing. (Notes of testimony, p. 41, lns. 12-13). There is nothing to suggest that this deliberate trial strategy was flawed or that the ultimate outcome would have been any different had counsel pursued this course.

The petitioner also claims that counsel was ineffective for not telling the polygraph examiner of the petitioner's prior psychological examination and his allegedly low IQ. However, regardless of this, the results of the polygraph examination had nothing to do with the jury's verdict. The evidence presented to the jury at trial was sufficient to warrant his conviction for drug distribution and conspiracy. The Third Circuit Court of Appeals

3

found likewise when it affirmed his conviction holding that the evidence was sufficient to establish the criminal conspiracy. See United States v. Holland, 76 Fed.Appx. 452 (3d Cir. 2003).

The petitioner also argues that trial counsel was ineffective for failing to introduce to the jury the fact that his client had never been convicted of an offense that involved drug trafficking. However, the petitioner never took the stand to testify on his own behalf. The admission of the petitioner's prior criminal record showing that he had never been convicted of drug trafficking would have been no more relevant than the government's admission of the petitioner's criminal history if he had been convicted of drug trafficking to prove that he more likely than not is guilty of the crimes for which he is on trial because of a prior drug trafficking conviction. Counsel cannot be faulted for failing to attempt to introduce irrelevant and inadmissible evidence.

Defense counsel did indeed discuss with the United States the possibility of entering into a plea agreement. However, as counsel testified at the hearing, no plea agreement was ever offered.

Finally, the petitioner claims that trial counsel was ineffective for failing to inform the jury that he was in prison for certain periods of time during which it was alleged he participated in this drug trafficking conspiracy. While it is true that such testimony would have established the petitioner's whereabouts for a substantial period of time of the conspiracy, his whereabouts would have put him in prison. This is the fact that the jury would not otherwise have been privy to and regardless of how trial counsel attempted to structure such testimony it would have alerted the jury that the petitioner, otherwise presumed innocent, was a convicted criminal. Trial counsel testified at the hearing on June

22, 2005 that he considered introducing that evidence but rejected it for that very reason. Furthermore, the petitioner was also on trial for homicide. The introduction of this testimony would have been an imperfect alibi at best because the petitioner was not in jail at the time of the homicide which occurred in December 1999. Trial counsel testified that it was his deliberate trial strategy to prevent the jury from hearing that because "it's impossible to put the horse back in the gate, so to speak..." if the jury heard his client was in jail despite the court's instructions not to consider it. (Notes of Testimony, p. 31, lns. 12-15). Trial counsel further testified that, contrary to the petitioner's current position, that he had discussed with the petitioner his concerns about the introduction of his prior criminal record, told the petitioner that he thought it would be a bad idea to use the prior criminal record, "and I thought he had agreed with me at trial." (Notes of Testimony, p. 38, lns. 19-22). Counsel's strategy for not introducing the prior criminal history of the non-testifying petitioner at trial which would have provided him at best with an imperfect alibi for the drug trafficking conspiracy and no alibi for the criminal homicide can hardly be questioned.

To obtain a reversal of the conviction on a claim of ineffective assistance of counsel the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner resulting in an unreliable or fundamentally unfair outcome in the proceeding. See Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." See Strickland, 466 U.S. at 689 (1984). Since prejudice is not presumed, the petitioner must show that counsel's errors were prejudicial and deprived him of a "fair trial, a trial whose result is reliable. See Strickland, 466 U.S. at 687. Generally this means

5

the plaintiff has the burden of showing that the outcome of the proceeding would have been different but for counsel's errors.  See Williams v. Taylor, 529 U.S. 362, 391-93 (2000).  As stated above, all of the claims about counsel's deliberate trial strategy or strategy with regards to sentencing would not give anyone pause as to whether or not trial counsel was effective.  Indeed, had trial counsel done what the petitioner faults him for not doing, one could envision a compelling argument being made that trial counsel was ineffective if he had, for example, introduced the criminal record for the petitioner when he did not testify in order to establish an imperfect alibi.  In sum, the United States maintains that the petitioner was not denied the effective assistance of counsel and that his conviction and sentence should not be vacated.

        Respectfully submitted,

        THOMAS A. MARINO
        UNITED STATES ATTORNEY

        /s/ WILLIAM A. BEHE

        _____
        WILLIAM A. BEHE
        Assistant U.S. Attorney
        228 Walnut Street
        P.O. Box 11754
        Harrisburg, PA 17108
        717/221-4482 (Office)
        717/221-2246 (Fax)
        WILLIAM.BEHE@USDOJ.GOV
        Bar No. PA-32284

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 1:CR-01-195-06 |
| | ) (Judge CALDWELL) |
| v. | ) |
| | ) |
| **HARVEY HOLLAND** | ) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 14th day of September 2005, she served a copy of the attached

RESPONSE OF THE UNITED STATES
IN OPPOSITION TO PETITIONER'S REQUEST FOR
POST-CONVICTION RELIEF

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):
Harvey Holland
Inmate No. EP8162
SCI- Camp Hill
PO Box 1000
Camp Hill, PA 17111-1000

/s/ CYNTHIA A. ZIMMERMAN
_____
  CYNTHIA A. ZIMMERMAN
  Legal Assistant