```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,        :
      Plaintiff
                                 :

      vs.                      :  CRIMINAL NO.  1:CR-01-195-06
                                 :

HARVEY HOLLAND,
      Defendant              :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      Defendant, Harvey Holland, has filed a pro se document entitled "Blakely Applies Retroactively," an apparent attempt to file a motion litigating a challenge to his sentence under *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

      We have no authority to grant the motion. Defendant has already had one 28 U.S.C. § 2255 motion adjudicated. We therefore have no jurisdiction to entertain a *Blakely* challenge, *see Burton v. Stewart*, ___ U.S. ___, 127 S.Ct. 793, 796 (2007), which would have to be presented by way of a second 2255 motion. However, before Defendant could file a second 2255 motion, he would have to obtain the permission of the court of appeals. See 28 U.S.C. § 2255 ¶ 8.

      One of the grounds for allowing a second 2255 motion is "a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." *Id.* If the Supreme Court ever declares *Blakely* to be retroactive to cases on collateral review, Defendant may request permission of the court of appeals to file a second 2255 motion before filing it in the district court.

   AND NOW, this 5th day of February, 2007, it is ordered that Defendant, Harvey Holland's, pro se motion (doc. 395) to litigate his *Blakely* claim is dismissed without prejudice to bringing the claim in the future if the Supreme Court declares *Blakely* to be retroactive to cases on collateral review.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge