FILED
SCRANTON
JUN 26 2007
PER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff | : | |
| | : | |
| VS. | : | 1:CR-01-195-06 |
| | : | 1:CV-04-2277 |
| | : | |
| Harvey Holland, | : | |
| Defendant | : | |

MOTION FOR EQUITABLE RELIEF UNDER ARTICLE
III OF THE UNITED STATES CONSTITUTION AND 28
FED.R.CIV.P. (60)(b)(6)

To Honorable Judge and Associate Judges in the United States District Court for the Middle District of Pennsylvania:

And Now, Harvey Holland, hereinafter Petitioner, hereby respectfully moves this Honorable Court to grant the appropriate relief in accordance with the following assertions that fall within the scope of Rule 60(b)(6) and Article III.

Petitioner was arrested based on a superseding indictment relating from a drug conspiracy starting January 1, 1997 and ending April 2001.

Petitioner went in front of a judge and jury, and was found guilty by the jury of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846. Subsequently, the trial court sentenced the Petitioner to a term of life in prison. Direct appeal to the Third Circuit and the United States Supreme Courts were filed and denied. Petitioner followed-up with a motion for relief under 28 U.S.C. §2255. This Court denied the motion after an evidentiary hearing. Subsequently, the Third Circuit also denied relief, affirming this Court's Order.

Petitioner now comes before this Court with a petition

for "Equitable Relief" due to belief that an injustice has occurred, and if not rectify, would amount to a miscarriage of justice.

## STANDARD AND SCOPE OF REVIEW PURSUANT TO ARTICLE III & 28 FED.R.CIV.P. 60(b)(6)

In order for this Court to review the assertions presented in this petition, Petitioner must be able to prove that his assertions fall with the firmly rooted exception of 28 Fed.R.Civ.P. Rule 60(b)(6) "Extraordinary Circumstances" and Article III, which gives this Court the inherent power to reopen Petitioner's case. Gonzalez v. Crosby 545 U.S. 524 (U.S. 2005) and Spitznas v. Boone, 464 F.3d 1213 (10 Cir. 2006).

In Gonzalez, supra., the United States Supreme Court addressed the scope of equitable relief which may be available when such relief is sought pursuant to Federal Rule of Civil Procedure 60(b).

Gonzalez outlines the general scope of relief available when a habeas petitioner invokes Fed.R.Civ.P. 60(b) as a basis for equitable relief from judgment. As the Court explained: Anti Terrorism and Effective Death Penalty Act ("AEDPA") did not expressly circumscribe the operation of Rule 60(b). Nevertheless, the United States Supreme Court indicated that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings only to the extent that it is not inconsistent with applicable federal statutory provisions and rules.

The Court made clear that a petitioner may invoke Rule

2

60(b) to obtain equitable relief under two specific circumstances. A petitioner may invoke Rule 60(b) when he is not challenging a denial of a constitutional claim on the merits, which is the situation in the case sub judice.

A petitioner may invoke rule 60(b) to seek to overturn a District Court judgment which erroneously precluded a determination of the substantive merits of a petitioner's habeas claim(s) and/or when the petitioner is not directly requesting a merits determination of a constitutional claim. Where a petitioner seeks relief from judgment based on a non-merits aspect of the first federal habeas proceedings. Gonzalez, 545 U.S., 125 S.Ct. at 2649, relief from judgment is available under Rule 60(b). Also, a petitioner may seek equitable relief under Rule 60(b) when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. Gonzalez, 125 S.Ct. at 2648. This mirrors the Sixth Circuit's holding in Re Abdur'Rahman, 392 F.3d 174 (6th Cir. 2004)(en banc), which specifically held that a motion for equitable relief is permissible if the motion contains arguments which show reasons to doubt the integrity of a habeas judgment. (Id. at 180). Such a motion is proper if it attacks the manner in which the earlier habeas judgment was procured. (Id. at 177)

While a petitioner invoking Rule 60(b) may seek relief from judgment in accordance with Gonzalez, supra, a petitioner may also seek relief proceeding directly under Article III of the United States Constitution, which confers upon a District

3

Court inherent equitable powers over its own judgment.

Article III provides a District Court plenary equitable power to revisit and/or revise its own judgments in the interest of fundamental justice. In every federal case - habeas or non-habeas, Article III provides a District Court inherent power over its own judgments. Bronson v. Schulten, 104 U.S. (14 Otto) 410, 417 (1881). That inherent power dates to the adoption of Article III itself, which extents federal jurisdiction to all matters of equity. See United States Constitution, Article III § 2. See also, United States v. Ohio Power Company, 353 U.S. 98, 99 (1957)(acknowledging Supreme Court's power over its own judgments).

When asked to exercise its inherent Article III equitable powers, a District Court has discretion to evaluate a situation in its entirety to reach a fundamentally just outcome.

"The essence of equity jurisdiction has been the power of the chancellor to do equity and to mold each decree to the necessities of the particular case. Flexibility rather than rigidity had distinguished it. The qualities of mercy and practically have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims." Hecht Co. v. Bowles, 32 U.S. 321 (1944) ... Put another way, an appeal to the equity jurisdiction conferred on federal district courts in an appeal to the sound discretion which guides the determination of courts of equity. Meredith v. Winter Haven, 320 U.S. 228 (1943).

4

A District Court's Article III inherent equitable powers cannot be constrained by statute or rule. Indeed, it goes without saying that Congress cannot by ordinary legislation, negate a provision of the Constitution. City of Boerne v. Flores, 521 U.S. 507 (1997)(Constitution is paramount superior law unchangeable by ordinary legislative means). Moreover, as a matter of separation of powers, Congress cannot interfere with or dictate the operation of the Judiciary's inherent Article III powers. Thus, when a petitioner proceeds directly under Article III, a District Court is not constrained by limitations contained in the AEDPA which as explained in Gonzalez, supra, only limit the scope of available relief under Rule 60(b). Limitations such as 28 U.S.C. § 2244(b)(1), therefore, simply do not apply to motions made under Article III and a petitioner is entitled to directly invoke a District Court's inherent equitable powers just as parties did long before Rule 60(b) was ever passed.

**ARGUMENT**

The American Association on Mental retardation classified individuals with an IQ score between 50-55 and 70 as having "mild" retardation. Penry v. Lynaugh, 492 U.S., at 322, 109 S.Ct., 2949 (1987)

[M]ental retardation may render a defendant less morally culpable than defendants who have no such excuse. Penry v. Lynaugh, supra., quoting California v. Brown, 479 U.S. 538, 107 S.Ct. 837 (1987).

In 1992, the association revised its classification to

identify individuals with an IQ of 75 or below as presumptively retarded. Wills v. Texas, 511 U.S. 1097, 114 S.Ct. 1867 (1994).

In Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527 (2003) ... The Court learned of defendant's retardation and mental state after a social worker was assigned by the Court to prepare a "social history". The same cannot be said for this Court that even though Petitioner presented evidence to show cause that he attended a mental facility as a youth and was diagnosed as borderline retarded, the Court failed to evaluate whether Petitioner was competent to stand trial and whether he understood the complexity of his case at trial. White v. Estelle, 459 U.S. 1118, 103 S.Ct. 757 (1983).

Even though Petitioner could communicate with his attorney did not mean that he understood the charges against him, considering his mental disorder which would render him incompetent to consult with his attorney. White v. Estelle, supra.

This Court should have appointed a "disinterested" expert experienced and qualified in mental health or mental retardation to examine the Petitioner with regards to his competency to stand trial and to take the stand at the 2255 stage. White v. Estelle, supra.

The Court had the power to approve a test of incompetence which seeks to determine whether the Petitioner "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether has a rational as well as factual understanding of the proceedings against

him. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788 (1960).

## CONCLUSION

Wherefore, it is respectfully requested that this Honorable Court grants this petition in the interest of justice to determine whether the Petitioner was in fact competent to stand trial and other proceedings. And whether Petitioner understood the magnitude and complexity of the proceedings at trial.

Respectfully submitted,

*Harvey Holland*
Harvey Holland
Pro-se
EP8162
1000 Follies Road
Dallas, PA 18612

## CERTIFICATE OF SERVICE

    I, Harvey Holland, do hereby certify that on this date I served a copy of the foregoing Petitions for Equitable Relief to the below party. <u>Federal Rules Appellate Procedure</u> Rule 25:

**BY FIRST CLASS MAIL**

Mr. William Behe, Esquire
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108

United States District Court for
   the Middle District of Pennsylvania
Mrs. Mary E. D'Andrea
U.S. Courthouse
228 Walnut Street, Rm. 1060
P.O. Box 983
Harrisburg, PA 17108-0983


*/s/ Harvey Holland*
Harvey Holland
EP8162
1000 Follies Road
Dallas, PA 18612

Dated: June 21, 2007

Mr. Harvey Holland
EP8162
1000 Follies Road
Dallas, PA 18612

June 21, 2007

United States District Court for
  the Middle District of Pennsylvania
Office of the Clerk
Mrs. Mary E. D'Andrea
U.S. Courthouse
228 Walnut Street, Rm. 1060
P.O. Box 983
Harrisburg, PA 17108-0983

RE:   UNITED STATES OF AMERICA V. HARVEY HOLLAND
      1:CR-01-195-06
      1:CV-04-2277

Dear Mrs. D'Andrea:

   Respectfully enclosed you will find an original and three copies of "Motion for Equitable Relief under Article III of the United States Constitution and 28 Fed.R.Civ.P. 60(b)(6)." A copy of same has been forwarded to the Office of the United States Attorney in care of Mr. William Behe, Esquire.

   I would like to know if your office can send me a copy of infoma puaperis petitions and/or the cost of the filing fee.

   In advance, thank you for your time and assistance in this matter.

Sincerely,

*Harvey Holland* (signature)
Harvey Holland


xc:   HH/mo/file

From: Mr. Harvey Holland #EP8162
1000 Follies Road
Dallas, PA. 18612

To: U.S. District Court
Middle District of PA
U.S. post office and
Court House

Scranton, PA. 18501


RECEIVED SCRANTON JUN 26 2007 MARY E D'ANDREA CLERK PER ___ DEPUTY CLERK