IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
Plaintiff
:
vs. : CRIMINAL NO. 1:CR-01-195-06
:
HARVEY HOLLAND,
Defendant :

*M E M O R A N D U M*

I. *Introduction*.

Defendant, Harvey Holland, is serving a sentence of life imprisonment on drug-trafficking charges. He has filed a pro se motion raising two claims. First, the court erred when it did not obtain an expert assessment of whether Defendant was competent to stand trial since there was evidence that he was "borderline retarded" and had attended a mental facility as a youth. Second, the court erred in not obtaining a disinterested expert to evaluate whether Defendant could competently testify at the hearing held on his 28 U.S.C. § 2255 motion.

Defendant provides two bases for the motion, first, Fed. R. Civ. P. 60(b)(6) and, second, a district court's supposed inherent equitable power under Article III of the Constitution to revise its judgments to reach a just result. Defendant argues that this constitutional power trumps statutory limitations on the court's power to consider a second or successive 2255 motion.

Upon review of the motion, we decide that district courts do not have inherent equitable power under the Constitution to revise their judgments at will. We also decide that the first claim attacks the validity of the conviction and that the second claim is essentially an attack on prior rulings denying postconviction relief. Hence the motion is a second 2255 motion which we cannot consider without the Third Circuit’s approval.

II. *Background*.

In June 2002, a jury convicted Defendant of distribution and possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute and possess with the intent to distribute fifty grams of more of crack cocaine in violation of 21 U.S.C. § 846. Defendant was sentenced to concurrent terms of life imprisonment on both counts.

Defendant took a direct appeal which the Third Circuit denied. *United States v. Holland*, 76 Fed. Appx. 452 (3d Cir. 2003)(nonprecedential). The Supreme Court denied certiorari. *Holland v. United States*, 540 U.S. 1135, 124 S. Ct. 1114, 157 L. Ed. 2d 942 (2004).

In October 2004, Defendant filed a motion under 28 U.S.C. § 2255. In February 2005, we denied some of the claims but appointed counsel to represent Defendant at a hearing to

resolve the remaining ones. In June 2005, the hearing was held and Defendant testified. In December 2005, we denied the remaining claims. In June 2006, the Third Circuit denied Defendant’s pro se appeal.

In January 2007, Defendant filed a pro se document entitled “Blakely Applies Retroactively,” which we treated as an apparent attempt to file a motion litigating a challenge to his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In February 2007, we denied the motion, advising Defendant that the claim had to be brought in a 2255 motion and that he had to obtain permission from the court of appeals to file a second 2255 motion.

Defendant then filed the instant motion.

III. *Discussion*.

We will first address the merits of the motion as it has been brought under Rule 60(b)(6) and then address the constitutional basis of the motion.

A federal defendant must seek the permission of the court of appeals before he can file a second or successive 2255 motion. 28 U.S.C. § 2255 ¶ 8. Further, such a motion must be based on newly discovered evidence, *id.*, ¶ 8(1), or a new rule of constitutional law that was previously unavailable and made retroactive by the Supreme Court to cases on collateral review. *Id.* ¶ 8(2). Fed. R. Civ. P. 60(b) authorizes a party to file a

motion for relief from a final judgment or order, identifying five specific categories.[1] Subsection (6), the provision Defendant invokes here, is the catchall provision, and allows relief from a judgment for "any other reason justifying" it. Fed. R. Civ. P. 60(b)(6).

Rule 60(b) applies to section 2255 proceedings as long as it is "'not inconsistent' with applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S.Ct. 2641, 2646, 162 L.Ed.2d 480 (2005)(quoted citations omitted).[2] If a Rule 60(b) motion raises a claim that attacks the defendant's criminal conviction, it must be treated as a second or successive 2255 motion so the limitations on filing such a motion are not circumvented. *Id.* at 531, 125 S.Ct. at

---

[1] The categories are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; . . .

Fed. R. Civ. P. 60(b)

[2] *Gonzalez* dealt with a state prisoner's 28 U.S.C. § 2254 petition but applies to section 2255 motions as well. *See Schweitzer v. United States*, 215 Fed. Appx. 120, 123 (3d Cir. 2007)(per curiam)(nonprecedential).

2647. It must also be treated as a 2255 motion if it raises a claim arguing that a previous ruling on the merits of a claim seeking postconviction relief was erroneous. *Id.* at 532 & n.4, 125 S.Ct. at 2648 & n.4.

Applying these principles here, we cannot consider Defendant's first claim by way of Rule 60(b). The claim is that the court erred when it did not obtain an expert assessment of whether Defendant was competent to stand trial. This is an attack upon the criminal conviction and must be presented in a second 2255 motion, which must first be approved by the Third Circuit.

Defendant's second claim also appears to be one that should be presented in a 2255 motion. The second claim is that the court erred in not obtaining a disinterested expert to evaluate whether Defendant could competently testify at his 2255 hearing. We presume that if this challenge were successful, the remedy would be a new 2255 hearing, if Defendant is now competent. But this would result essentially in relitigating the factual issues presented at the 2255 hearing that related to his 2255 claims. Since attacks upon rulings previously made on claims for postconviction relief are really claims under section 2255, Defendant's second claim is also not cognizable under Rule 60(b)(6).

Having decided that Defendant cannot rely on Rule 60(b)(6), we must address his constitutional argument that

Article III of the Constitution confers on federal district courts an inherent equitable power to revise their judgments, a power Defendant says we can exercise here without regard to statutory limitations on our authority to consider a second or successive 2255 motion since the Constitution is the supreme law of the land.

We reject Defendant's position. The pertinent provisions are Article III, Section 1, and Article III, Section 2, Clause 1. Article III, Section 1 provides, in pertinent part, that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Article III, Section 2, Clause 1 provides, in pertinent part, that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."

As Article III, Section 1 indicates, the lower federal courts, as opposed to the Supreme Court, are creatures of Congress, which can specify by statute the lower courts' jurisdiction. *See West Penn Power Co. v. Train*, 522 F.2d 302, 313-14 (3d Cir. 1975) (quoting *Sheldon v. Sill*, 49 U.S. (8 How.) 441, 448-49, 12 L.Ed. 1147 (1850)); *Rice v. United States, Dep't of Alcohol, Tobacco & Firearms*, 68 F.3d 702, 707 (3d Cir. 1995)(noting cases recognizing Congress's power "to define and limit" the jurisdiction of the lower federal courts), overruled

on other grounds by *Pontarelli v. U.S. Dep't of the Treasury*, 285 F.3d 216 (3d Cir. 2002). It follows that we are bound by statutory limitations on our power to consider second or successive 2255 motions. *See also Benjamin v. Abraham*, 2007 WL 839546, at *7 n.10 (E.D. Pa.) (rejecting 28 U.S.C. § 2254 petitioner's argument that the *Rooker-Feldman* doctrine did not bar his claims because the petitioner was invoking the district court's "inherent equitable powers" under Article III by reasoning that the lower federal courts have only that jurisdiction Congress confers, citing *Sheldon*, *supra*, and *West Penn Power Co., supra*).

Defendant relies on *Bronson v. Schulten*, 104 U.S. 410, 26 L.Ed. 797 (1881), for his constitutional argument, but that case is easily distinguishable. *Bronson* did not deal with Article III jurisdiction but with the procedural rule in effect at that time that a federal court had no authority to grant relief from a judgment if no attempt was made to modify the judgment before the expiration of the term of court in which the judgment was entered. In *Bronson*, the Supreme Court applied that rule to reverse the lower court's decision to grant relief from a judgment seventeen years after it had been entered. It is Rule 60(b) that now covers this area.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
Plaintiff :

vs. : CRIMINAL NO. 1:CR-01-195-06

HARVEY HOLLAND, :
Defendant :

O R D E R

AND NOW, this 12th day of July, 2007, it is ordered that:

1. Defendant's motion (doc. 399) for equitable relief under Article III of the United States Constitution and Fed. R. Civ. P. 60(b)(6) is dismissed as substantively being a second or successive 28 U.S.C. § 2255 motion which requires approval from the court of appeals.

2. Based on the accompanying memorandum, a certificate of appealability is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge