UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

To: Honorable William Carwell
    United States District Judge
    Middle District of Pennsylvania
    228 Walnut Street
    Harrisburg, PA 17108

From: Harvey Holland
      Criminal No.: 1:CR-01-195-06

FILED
HARRISBURG, PA

JAN - 8 2008

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

Dear Honorable William Carwell

   Please accept this letter in lieu of a more formal submission in support of defendant's petition.

### A. Defendant's Eligibility For Sentence Reduction
### [18 U.S.C. § 3582(c)(2)]

   On June 6, 2002, following a jury trial this defendant was convicted on two counts of a five count indictment [footnote 1] count two charged violation(s) of 21 U.S.C. § 841(a), and count five charge violation of 21 U.S.C. § 846.

   On December 13, 2002, this Honorable Court sentenced this defendant to a prison term of life imprisonment on count two and life on count five (all of which ran currently).

   Defendant brings to this Honorable Court attention several amendment(s) to the United States Sentencing Guidelines which warrant a reduction in this defendant's term of imprisonment as discussed below.

   Defendant contends that Sentencing Commission has come to grips that the drug table (section 2D1.1) is simply to much time therefore; on November 1, 2007, that section has been reduced by two levels which would warrant a reduction in this defendant's base offense level therefore defendant moves this Honorable Court seeking the application of such a reduction to his base offense level.[1]

---

1. Defendant was only charged in four counts and acquitted on one count.

Defendant Holland contends that 5K2.13 may also warrant downward departure to his sentence if the defendant committed the offense while suffering from a significantly reduced mental capacity and the significantly reduced mental capacity contributed substantially to the commission of the offense if a departure is warrant under this policy statement the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense. Defendant Holland offered this as evidence of his diminished mental capacity in the form of a psychological evaluation prepared by a licensed psychologist who stated that the defendant is mental retarded, see Exhibit A, where medical records reveal a history of serious mental illness.

Third, defendant contends that guideline amendment 591 would warrant a reduction in this defendant sentence where such an amendment would separate the charge offense with the actual offense as will be explored in this defendant argument in support of this motion seeking reduction in his sentence.

### B. Applicability Of Amendment [Section 2D1.1] Two Point Reduction

Defendant contends that he was sentenced in accordance with the United States Sentencing Guideline Section 2D1.1 of the 2001 version of the guidelines.

The presentence report begin with a base offense level of 43 [although defendant sentence was erroneous based upon uncharged amounts of crack cocaine] however, that not being the issue here.

The defendant simply contends that he is entitled to the two point reduction mandated by the most recent guideline amendment (see Argument #1).

### C. Applicability Of Amendment 591 Warrants A Reduction In Sentence

Defendant contends that amendment 591 deals with the difference between the actual charging term versus the factual charging terms.

Defendant moves for reduction of sentence, claiming that amendment 591, effective November 1, 2000, requires that he be sentence to 151-188 months

2

imprisonment under a base offense level of 32 as provided by U.S.S.G. Section 2D1.1, rather than life imprisonment. (See Argument F).

### D. Presence Of The Defendant

Although the statute which permits the court to modify the defendant's sentence is silent on the question of whether the defendant is entitled to be present for his sentence reduction, Rule 43(b)(4) explicitly preceding which involves a sentence reduction under 18 U.S.C. § 3582(c)(2) the usual requirement, of course, is that the defendant must be present at this sentencing hearing. Fed. R. Crim. Proc. 32(i)(4).

### E. Other Issue(s)

This sentencing modification request arises at the time of great uncertainty about the constitutionality of the sentencing guidelines. The decision in Blakely v. Washington, 124 S.Ct. 2531 (2004) and the applicable decision in United States v. Booker (argued October 24, 2004) have cast serious doubt about the viability of guidelines in general and about the specific facts that must be pled in the indictment and found by a jury there are several enhancement which amendment are applicable to the present case. [Amendment 591, Amendment to Section 5K2.13 and the additional 2 point base offense level.]

Defendant states that on or about 12-13-02 he was sentenced to a base offense level of 38, as the result of having been convicted upon an indictment charging 50 grams of crack cocaine or more.

Subsequently, on or about November 1, 2007, the Sentencing Commission amended guideline section 2D1.1 by lowering the drug table for crack cocaine cases by two (2) points which would reduce this defendant's base offense level to an base offense 36 . Although defendant was only charged in the indictment with 50 grams or more of crack cocaine, which would yield a base offense level of 32 with guideline range of 151 to 188 months.

This defendant seeks the application of this amendment to the sentencing

3

guideline by this Honorable Court. Defendant brings to this Honorable Court's attention the crack amendment which warrants the two point reduction from his base offense level. The most significant aspects of this amendment is that the Sentencing Commission has come to the conclusion that the current guidelines are too high. Therefore, this defendant request that this Honorable Court follow the improvement in the interest of justice.

Wherefore, Mr. Holland prays that this Honorable Court grant the requested relief being sought in this argument.

### F. **Applicability Of Amendment 591**

Mr. Holland (defendant) states that according to the United States Sentencing Guideline Amendment 591 which was amended by striking subsection (a) and inserting.

A. Determine pursuant to § 1B1.2 (Applicable Guidelines) the offense guideline section from chapter two (Offense Conduct) applicable to the offense of conviction see § 1B1.1. This amendment deals with the improper consideration of U.S.S.G. § 2D1.1(b)(1), U.S.S.G. § 3B1.1(a) and U.S.S.G. § 3C1.1 triggers amendment 591 applicable application. The court's improper use of "actual" as opposed to what this defendant was charged with in the indictment is now impermissible, this conduct was uncharged. This defendant cannot be held accountable and warrants the consideration of a sentence modification pursuant to United States Sentencing Guidelines. The commentary 1B1.2 caption "Application Notes" is amended by striking the first paragraph of note 1 and inserting the following:

> This section provides the basic rules for determining the guidelines applicable to the offense conduct under chapter two (offense conduct). The court is to use the chapter two guideline section reference in the statutory index (Appendix A) for the offense of conviction. However, (A) in the case of a plea agreement containing a stipulation that specifically establishes a more serious offense than that of conviction, the chapter two offense guideline section

4

>applicable to the stipulated offense is to be
>used; and (B) for statutory provisions not listed
>in the statutory index, the most analogous guideline
>determined pursuant to § 2X5.1 (other offense) is to
>be used.

In the instant case defendant asserts that this application of the real offense versus charge offense sentencing is clear by the commentary to 1B1.2 caption "application note" and makes a clarifying amendment to the United States Sentencing Guidelines.

In closing, Mr. Holland seeks the application of amendment 591 and request that this Honorable Court modify this defendant's sentence of life to a guideline sentence with a base offense level of 32 a guideline range of 151 to 188 months.

### G. Application Of Amendment 548

Mr. Holland (defendant hereafter) contends that guideline amendment 548 stated that section 1B1.10 is amended in the title by deleting "Retroactivity" and inserting "Reduction in term of imprisonment as a result", therefore, Mr. Holland (defendant) contends that there is no need to access the applicability of the amendment(s) being applied to the instant case. See Amendment 548. And section 1B1.10(c) of the United States Sentencing Guidelines.

Wherefore, this defendant seeks to have this Honorable Court take judicial notice of the adjudicated facts and all of the applicable guideline(s) amendments. Wherefore, defendant prays that this Honorable Court modify this defendant's sentence to a prison term of 151 to 188 months.

Dated: 1/4/2008

/s/ *Harvey Holland*
Harvey Holland, pro se
Reg. No. 11264-067
United States Penitentiary
Big Sandy
P.O. Box 2068
Inez, KY 41224

Exhibit-A

HOLLAND, Harvey

especially between the verbal and performance scales. With the exception of two subtests stressing attention to detail and visual memory, all other scores fell significantly below normal age expectations. Scores appeared to decrease in those areas measuring specific academic skills such as information and vocabulary. This deficiency was similarly found on the Peabody Picture Vocabulary Test, a test of receptive language. On this test, he scored a Mental Age of 8-11 and an IQ of 79.

Responses on both the Bender Visual-Motor Gestalt Test and on the Figure Drawings were well within normal age limits. Designs were carefully executed, often with a meticulous attention to detail. There was no indication of perceptual dysfunction.

Thought processes were somewhat concrete in his responses. His displays of creative thought were markedly limited. He was mildly disoriented. While he could tell me where he was from and his age, he did not know the current year or the name of his residence hall.

SOCIAL AND EMOTIONAL FACTORS:

On a one-to-one basis, Harvey can be a likeable, talkative youngster. He enjoys the companionship of peers and is capable of relating meaningfully to others. In group settings, however, he will often engage in negative behaviors in order to gain attention from adults. These activities such as lying, stealing, etc., have been sustained because he has learned that he will always gain attention for his negative behavior but will seldom be rewarded for the things that he has done correctly.

SUMMARY AND RECOMMENDATIONS:

This is a pleasant, friendly twelve year old youngster who is operating within the Borderline range of retardation. Current intelligence test scores are consistent with those measured over a three year period and were therefore felt to be an accurate reflection of his intellectual capacity. Socially Harvey's behavior is somewhat paradoxical in that on a one-to-one basis he can be engaging, cooperative and friendly, while in a group setting he becomes disruptive and aggressive. These behaviors were partially felt to be attention gaining devices. In view of a past history involving severe deprivation and the absence of a male figure in the household, the possibility of obtaining a "Big Brother" should be explored.

Paul F. Spangler
Paul F. Spangler, M.A.
Staff Psychologist

PFS/pfp

NAME: HOLLAND, Harvey

BORN: 8/10/60

AGE: 12-2

### PSYCHOLOGICAL EVALUATION

REPORT OF PREVIOUS TESTING:

    11/10/70        Wechsler Intelligence Scale for Children

                          Verbal IQ:    75
                          Performance IQ:  75
                          Full Scale IQ:  72

TESTS ADMINISTERED:

    11/3/72         Wechsler Intelligence Scale for Children

                          Verbal IQ:    69
                          Performance IQ:  82
                          Full Scale IQ:  72

                        Peabody Picture Vocabulary Test, Form B

                          MA:    8-11
                          IQ:     79

                        Bender Visual-Motor Gestalt Test

                        Figure Drawings

BEHAVIORAL OBSERVATIONS:

    This is a twelve year old boy with a past history of cultural deprivation. In the past he has posed a number of behavior problems in the classroom including disruptive and aggressive behavior, stealing, crying and screaming. His behavior during testing, however, was in direct contrast with these activities. Harvey proved to be a friendly, likeable youngster. He was talkative and spoke at great lengths about some of his experiences at Elwyn. Despite the compliant behavior he exhibited when tested, however, he had a swollen left eye which he told me he received from fighting in the residence hall. Harvey's task behaviors were excellent. Much of his work was done with considerable care and pride. He was persistent, exerted a good effort and continued working at the various tests until fully completed.

INTELLECTUAL FUNCTIONING:

    Harvey is currently operating within the Borderline range of retardation with a Verbal score of 69, a Performance score of 82 and a Full Scale IQ of 72 as measured on the Wechsler Intelligence Scale for Children. This score is consistent with previous test results and was felt to be an accurate reflection of Harvey's intellectual capacity. Intertest scatter was fairly extensive

The [illegible]
Division, [illegible]

[illegible]

CHILD:     Harvey Holland

BORN:      5/15/60 - 10 years, 6 months

ADDRESS:   67 Greenwood Avenue

[illegible]
School Social Worker

PRESENTING PROBLEM: See previous Social History of 1/15/71. Harvey was placed from 3rd Grade at The Grove Street School into the Primary 8 Educable Class because the results of psychological testing showed he was Educable-Retarded. He continues to be extremely upset and a serious behavior problem. He tries to beat up other children, constantly wanders inside and outside of the school building, steals and sneaks things out of the classrooms and others' desks. He often cries and doesn't know what he is doing. He lies to protect himself. He screams for no apparent reason. Harvey has been excluded and put on Home Instruction as of 1/15/71 pending a conference and complete Child Study Team evaluation.

SCHOOL: Mrs. Warren and other teachers feel Harvey manipulates classmates and teachers in saying the right thing but doing otherwise. He has been physically restrained by the teachers to keep him from hitting others, from running away, and from danger. The aunt and Mrs. Warren had quite a confrontation and Harvey said his "mother told the teacher off". Harvey accused Mrs. Warren of choking him at the time.

Harvey is a nice looking boy. He has a scar under his right eye. He talks intelligently and glibly. He can steal a pencil out of a boy's pocket while he is talking to him at the same time, according to a teacher. He is clean and well dressed. Harvey gives the impression to this worker of a background where he has lived on the streets of Newark and been on his own a great deal. He has "lived by his wits" and is socially and emotionally deprived.

Mrs. Odaris Hall, maternal aunt, came in for an interview on 1/27/71 with Mrs. Rosen (formerly Miss Chazen), school psychologist. It was clarified with her at that time that psychological testing last November, 1970, showed not only a slow rate of learning - retardation - but emotional problems - with lack of self-control, immaturity, impulsivity, anger, and aggression. He demands constant attention and does the wrong things to get this.

HOME: Mrs. Hall admits he wants attention all the time at home and that he had trouble in the Newark schools. His mother tended to spoil him and he is all right if he has his own way. She said he does not cry at home but gets stubborn. She is willing to have him seen by Dr. Ausin, our consulting neuropsychiatrist. She felt she needed help as well as the school.

SUMMARY: With the history of Harvey's background it is no wonder he is emotionally upset and unmanageable. He is home and to be put on Home Instruction pending a more suitable placement.

Harvey Holland

functioning now, however, much below the norm in all areas.

On the Bender Gestalt test, Harvey's performance fell within normal limits for his age level. His work was neat and well organized, and there was no evidence of perceptual dysfunctioning. Harvey's drawings of a house, tree, and person were adequate in terms of form. The impression conveyed by the pictures, however, is that they were drawn by a younger child, and there is little affect involved in the drawings.

Personality Discussion

Harvey is a confused youngster who lacks, understandably, a sense of stability. His frequent episodes of aggressive and disruptive acting-out behavior in school are his attempts to reach out for help and gain the attention he desires. When he is frustrated by the demands made upon him by others, as well as by himself, he loses control. He sees most people as foes, rather than friends, and views life as a struggle against being overwhelmed by others. In his attempts to have people like him and to please others, he frequently lies, at times on an unconscious level.

Recommendations

1. Special class placement in the educable mentally retarded class.
2. Consideration of residential placement in a special school, with facilities for psychotherapy.
3. Physical examination.
4. Referral to outside agency for psychotherapy if residential placement is not made.

HOLLAND, Harvey                                    -5-

SUMMARY AND RECOMMENDATIONS:

    Harvey is a sixteen year old male who is currently functioning in the Low Normal range of intelligence. He did significantly better on non-verbal, visual-motor tasks than in verbal areas, and demonstrated less variability between sub-test abilities on the former. General academic achievement falls approximately at the fourth grade level, when averaging performance on tests of reading recognition, arithmetic and general information. This represents functioning at about three grade levels below his learning expectancy level. Harvey's lowest area of achievement was in reading, where he performed about five grade levels behind that which would be expected for someone of his chronological age and mental abilities. It is recommended that on a one-to-one or small group basis Harvey be given a thorough reading evaluation and subsequent reading tutoring to develop his very basic skills. Harvey seems to approach new challenges with enthusiasm and a positive attitude, and would probably be motivated to try a remedial reading program. Harvey appears to be benefitting from his enrollment in the Work Study program, and therefore continued placement is recommended until full time vocational training or community job placement is deemed appropriate. It is suggested that Harvey be given encouragement and continued aid from the recreation department in his pursuit of drawing and other artistic endeavors. He obviously has the interest and talent in drawing to develop his skills even further. Also, the continuation of residential placement for Harvey should be questioned as it is felt by this evaluator that he could successfully handle a day program.

Rose Curcuruto, M.A.
Staff Psychologist

Gerald J. Rodichok, S.Psy.S.
School Psychologist

RC/GJR/pc

The Public Schools
Montclair, New Jersey
SOCIAL HISTORY

CHILD: HOLLAND, Harvey                          MOTHER: Brown

BORN: 8/10/60                                    GRADE: 3

ADDRESS: 67 Greenwood Ave.                       TELEPHONE: 745-5707

                                                 PREPARED BY: F. M. Bartholomew, A.C.S.W.
                                                              School Social Worker

REASON FOR REFERRAL: Serious behavior problems and learning problems at school.

FAMILY: Father, whereabouts unknown.

Mother, killed in an automobile accident in April, 1969.

Guardian, Mrs. Gloria Hall, Maternal Aunt, separated from husband.

Siblings:
Laverne, 14 )
Ricky, 12   ) Living with an aunt, whereabouts unknown.
Larry, 15   )

Harvey, born 8/10/60, present subject.
Andrew, age 2, living with Harvey, with Mrs. Hall.

Developmental information is very sketchy on Harvey because it had to be obtained from his maternal aunt, Mrs. Hall, with whom he has been living since his mother was killed in an automobile accident two years ago. Mrs. Hall, however, was living near her sister when Harvey was born and she is pretty sure that he was born full-term with normal labor although she is not sure of birth weight. As far as she knows, he had a normal infancy with no eating problems and no important illnesses.

She did volunteer the information that she knows that her sister was shot by her husband while she was pregnant. She was critically injured in the hospital, and she was not sure how long she was in the hospital. She also could not remember at what time during the pregnancy this occurred. However, her memory is that the mother was recovered and out of the hospital at the time Harvey was born.

Harvey's mother and father had an apparently very stormy marriage and in spite of the shooting accidents referred to above, they had a reconciliation some time later. All of this occurred in Danville, Virginia where Harvey was born. When he was about two years old she knows that his parents were living together in Newark but they soon broke up again. However, Harvey's mother stayed in Newark and that is where he started to school. In fact he was in Newark schools until his mother's death.

Mr. Harvey F. Holland # 11264-027
United States penitentiary
Big Sandy
P.O. Box 2068
Inez, KY 41224

Clerk of the Court
United States District Court
Middle District of pennsylvania
228 Walnut Street
Harrisburg, PA. 17108

Legal Mail

January 4 , 2008

Mr. Harvey Holland
Reg. No. 11264-067
United States Penitentiary
Big Sandy
P.O. Box 2068
Inez, KY 41224


Clerk of the Court
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17108


Re: United States of America v. Harvey Holland
    Criminal No. 1:CR-01-195-06


Dear Clerk:

   Please be advised that I am the above mention defendant in said mentioned matter, it would be highly appreciated if your office would file the enclosed documents with this Honorable Court as this defendant's motion being filed pursuant to 18 U.S.C. § 3582(c)(2).

   I am thanking you in advance for your time and attention in this matter.


                                        Respectfully,

                                        /s/ Harvey Holland

                                        Harvey Holland

cc: Office of the U.S. Attorney
    P.O. Box 11745
    Room 217 Federal Building
    Harrisburg, PA 17108