```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    :   CRIMINAL NO.  1:CR-01-195-06

                               :
HARVEY HOLLAND,
        Defendant              :
```

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant, Harvey Holland, has filed a pro se motion invoking U.S.S.G. § 5G1.3(b), essentially seeking a modification of his sentence so that he can receive credit on his federal sentence for time he was serving on Pennsylvania state convictions when he was sentenced on his federal crimes. We will deny the motion because we have no authority to grant it and because, in any event, section 5G1.3(b) does not apply to Defendant's case.

In June 2002, a jury convicted Defendant of distribution and possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and with conspiracy to distribute and possess with the intent to distribute fifty grams of more of crack cocaine in violation of 21 U.S.C. § 846. In November 2002, Defendant was sentenced to concurrent terms of life imprisonment on both counts, to be served consecutively to his state convictions. A direct appeal was denied, *United States*

*v. Holland*, 76 Fed. Appx. 452 (3d Cir. 2003)(nonprecedential), and so was a petition for certiorari. *Holland v. United States*, 540 U.S. 1135, 124 S. Ct. 1114, 157 L. Ed. 2d 942 (2004). Later, we denied attempts at postconviction relief.

We have no authority to grant the current motion. Federal courts have no inherent authority to modify a sentence at any time. *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997); *United States v. Bridges*, 116 F.3d 1110 (5th Cir. 1997); *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996); *United States v. Abreu-Cabrera*, 64 F.3d 67 (2d Cir. 1995); *United States v. Lopez*, 26 F.3d 512 (5th Cir. 1994).

Even if we had authority, we would not grant relief. Defendant invokes section 5G1.3(b), which deals with crimes related to the federal offenses. However, Defendant's state crimes were unrelated to his federal offenses, (presentence report, ¶ 93), so any credit on his federal sentence for time being served on his state crimes was governed by U.S.S.G. § 5G1.3(c), not section 5G1.3(b). The former section allows the court to impose the federal sentence concurrently, partially concurrently, or consecutively to the state sentence. Consistent with that section, we provided that the federal sentence would be served consecutively to the state sentence, and Defendant has not stated any reason why that was improper or unlawful.

Accordingly, this 4th day of June, 2008, it is ordered that Defendant's motion (doc. 411) under U.S.S.G. § 5G1.1(b) for credit six years spent in state custody is denied.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge