UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 1:01-CR-195-06 |
| | : |
| HARVEY HOLLAND, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

We are considering a pro se motion filed by Defendant, Harvey Holland, pursuant to 28 U.S.C. § 2255. (Doc. 476). In June 2002, a jury convicted Defendant of distribution and possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to do the same, in violation of 21 U.S.C. § 846. Defendant was sentenced to concurrent terms of life imprisonment on both counts. On May 16, 2016, in light of the Supreme Court's holding in Johnson v. United States, 576 U.S. ––––, 135 S.Ct. 2551 (2015), Defendant filed a motion seeking appointment of counsel. (Doc. 476). We construed Defendant's motion as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and appointed the Federal Public Defender's Office, in accordance with Standing Order 15-6, to represent him. (Doc. 477). On May 10, 2016, the Federal Public Defender's Office filed a motion to withdraw as counsel, suggesting that Johnson does not apply to Defendant. (Doc. 480). We granted the motion to withdraw. For the reasons discussed below, we will dismiss Defendant's § 2255 motion.

*II.        Discussion*

Defendant previously filed a § 2255 motion in October of 2004.  See (Doc. 295).  Pursuant to § 2255(h), before a prisoner may seek a second or successive § 2255 motion, he must obtain a certificate of appealability from the court of appeals authorizing the motion.[1]  28 U.S.C. §§ 2255(h), 2244.  Where a prisoner files such a motion without first obtaining the appropriate certificate, a district court lacks jurisdiction to entertain the motion.  Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011).  With respect to the motion *sub judice*, Defendant has failed to obtain the required certificate of appealability.  Thus, we lack jurisdiction to entertain the motion, and we must either dismiss it or transfer it to the Third Circuit to be treated as an application for a certificate of appealability under §§ 2244 and 2255(h).  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

We will dismiss the motion.  To cure a want of jurisdiction, we can transfer Defendant's motion to the Third Circuit if it is "in the interest of justice" to do so.  28 U.S.C. § 1631.  To determine whether the interest of justice warrants a transfer, courts generally examine whether the motion prima facie satisfies the §§ 2244 and 2255(h) standards.  United States v. Hawkins, 614 F. App'x 580, 582 (3d Cir. 2015).  Additionally, although a lack of jurisdiction prevents a court from considering the merits when deciding whether to

---

1. Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

2

dismiss the motion, see Robinson, 313 F.3d at 140, the merits may inform a court's determination of whether the interest of justice warrants a transfer. Johnson v. Walsh, No. 1:CV-13-1522, 2014 WL 3421071 at *2 (M.D. Pa. July 11, 2014) (Caldwell, J.). Here, Defendant's motion does prima facie satisfy the §§ 2244 and 2255(h) standards, see Welch v. United States, 136 S.Ct. 1257 (2016) (holding that Johnson v. United States announced a new rule of constitutional law which applies retroactively on collateral review), but the merits of his motion instruct us that a transfer is not in the interest of justice.

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Johnson, 135 S.Ct. at 2557. The United States Sentencing Guidelines – pursuant to which Defendant was sentenced – includes a career offender provision which contains an identical residual clause. See U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2). Assuming *arguendo* that Johnson applies to the residual clause within the sentencing guidelines,[2] Defendant is nevertheless not entitled to relief.

Defendant's base offense level was calculated using § 2A1.1 of the sentencing guidelines. See id. § 2D1.1 (2015) (stating that if a victim was killed under circumstances constituting murder under 18 U.S.C. § 1111, § 2A1.1 governs the calculation of the base offense level). Pursuant to § 2A1.1, Defendant's base offense level was forty-three. Id. § 2A1.1. Because an offense level of forty-three was greater than the offense level under the residual clause, see id. § 4B1.1 (indicating career offender base offense level is thirty-seven), the residual clause was not applied.

---

2. The Third Circuit has yet to decide, but is currently considering, whether Johnson applies to the residual clause in the sentencing guidelines. See, e.g., In re Cremne Branch, No. 15-2992 (3d Cir. filed Oct. 28, 2015).

Moreover, Defendant's criminal history category was determined using criminal history points. Defendant's prior criminal convictions resulted in a criminal history score of twenty-three. Pursuant to the sentencing table found in Chapter Five, Part A of the guidelines, a criminal history score of thirteen or more establishes a criminal history category of VI. Id. ch. 5, pt. A. With a base offense level of forty-three and a criminal history category of VI, Defendant's guideline range was life. Id.

Thus, even if Johnson applies to the sentencing guidelines – a question on which we express no opinion – the career offender residual clause found in § 4B1.1 played no role in calculating Defendant's sentence. Accordingly, we find that the interest of justice does not warrant transferring Defendant's motion to the Third Circuit to be treated as an application for a certificate of appealability.

### III. Conclusion

For the reasons discussed above, we will issue an order dismissing Defendant's § 2255 motion for want of jurisdiction. Defendant is advised that he can cure the jurisdictional defect by obtaining a certificate of appealability from the United States Court of Appeals for the Third Circuit. Defendant has until June 26, 2016, to file his application for a certificate of appealability. See 28 U.S.C. § 2244(d)(1)(C).

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

4